# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **HARRY ANDREW BRUCE** | * | **CIVIL ACTION NO. 08-1445** |
| **VERSUS** | * | |
| **CITY OF MONROE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the court is a motion to strike [doc. # 28] filed by pro se plaintiff, Harry Andrew Bruce. No opposition has been filed; the matter is now before the court. For reasons assigned below, the motion is DENIED.

**a)** *Rule 12(f) Standard*

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp.2d 763, 767 (N.D. Tex. 2002) (*citing Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has noted:

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. * * * It is a drastic remedy to be resorted to only when required for the purpose of justice. * * * The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus*, 306 F.2d at 868 (citing *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953).

"A disputed question of fact cannot be decided on motion to strike . . " and, ". . . when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus*, 306 F.2d at 868. When questions of fact or law are present, the court should ". . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id*. Nevertheless, a motion to strike a defense is proper when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

    **b)** *Analysis*

Plaintiff seeks to strike paragraph two of defendants' motion for leave to amend its answer [doc. # 18], together with paragraphs 9, 25, and 29 of the amended answer [doc. # 24]. Generally speaking, plaintiff challenges the veracity of the foregoing paragraphs and contends that some are scandalous. At best, however, plaintiff merely presents disputed issues of fact which cannot be resolved via a motion to strike. *Augustus, supra*. Moreover, plaintiff has not demonstrated any material prejudice due to the alleged inaccuracies contained in defendants' pleading. Indeed, on the same day that defendants filed their amended answer, plaintiff filed an amended complaint, to which **defendants have yet to answer**. [doc. # 26].[1]

Plaintiff's motion to strike also seeks a hearing on defendants' affirmative defense of prescription. In their amended answer, defendants contend that the Department of Public Works cleared plaintiff's property on September 19, 2007. (Amend. Answer, ¶ 28). However, plaintiff

---

[1] Furthermore, the amended complaint joined an additional defendant, but no return of service or responsive pleading has yet been filed as to that defendant.

did not file the instant suit until more than one year later on September 30, 2008. Nevertheless, in his complaint(s), plaintiff alleges that he did not discover that the City of Monroe had cleared his property until "[o]n or immediately before October 3, 2007." (Amend. Compl., ¶ 9).

Constitutional wrongs committed by Louisiana state actors are typically considered torts subject to Louisiana's one year prescriptive period for tort actions. *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) (citations omitted). However, when a federal cause of action accrues under 42 U.S.C. § 1983 remains a matter of federal, not state law. *Id*. A § 1983 action accrues and the prescriptive period begins to run when the "'plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id*. (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980). Stated another way, "[u]ntil the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury,' the statute of limitations does not commence to run." *Lavellee, supra* (internal citation omitted).

Applying the foregoing principles to this case, the pleadings do not conclusively resolve when plaintiff's cause of action accrued. If as plaintiff's complaint suggests, he did not discover that his property had been cleared until October 1-3, then the instant complaint would not be time-barred. Whether defendants possess evidence supporting an earlier accrual date is a matter that plaintiff may pursue with defendants via discovery. *See* discussion, *infra*. In the end, the accrual issue may depend upon disputed issues of fact, and therefore does not lend itself to summary disposition prior to trial. Accordingly, plaintiff's request for a hearing on the issue of prescription is denied, at this time.[2]

---

[2] To the extent that plaintiff sought to strike defendants' prescription defense, he has not demonstrated that the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc., supra*.

Plaintiff further petitions the court to order defendants to provide him with various documentary evidence, yet there is no indication that plaintiff has utilized the myriad discovery devices available to the parties. *See*, Fed.R.Civ.P. 26-37. Moreover, should defendants fail to respond to his properly propounded discovery requests, then plaintiff's remedy is to file a motion to compel. *See* Fed.R.Civ.P. 37. However, before resorting to a motion to compel, plaintiff must confer in good faith with opposing counsel in an effort to resolve the discovery issues. Fed.R.Civ.P. 37(a)(1). Accordingly, plaintiff's request for an order compelling defendants to provide him with evidence is denied.

For the above-stated reasons,

Plaintiff's motion to strike [doc. # 28] is hereby **DENIED**.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of August 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE